## IDENTIFICATION OF AGREED STATEMENT OF FACTS AS PART OF RECORD.

Circuit Court of Van Wert County.

YORK-RIDGE OIL CO. v. W. O. INNIS ET AL.

Decided, November Term, 1904.

*Bill of Exceptions—Filing Agreed Statement of Facts Does not Make it Part of the Record—Proper Identification—Error—Evidence.*

The mere filing of an agreed statement of facts in the trial court does not make it a part of the record; nor does a reference in the bill of exceptions to an agreed statement of facts as having been offered in evidence and as bearing the file-marks of the trial court without further identification or being attached to the bill of exceptions.

*E. G. Guthery, H. G. Richie* and *C. O. Richie,* for plaintiff in error.

*O. S. Brumback* and *Saltzgaber,.Hoke & Osborn,* contra.

Error to the Common Pleas Court of Van Wert County.

Counsel for defendants in error cited in support of the proposition that an agreed statement of facts, although filed in a case, is not an "original" paper: Garner v. White, 23 O. S., 192; Young v. State, 23 O. S., 577; Montgomery v. State, 12 C. C., 679; Brock v. State, 22 C. C., 364; Cleve. & E. Elec. Ry. Co. v. Hunter, 10 C. C.—N. S., 564; State v. Speigel, 4 C. C.—N. S., 255.

Not even when copied in the record by the clerk: *Sleet* v. *Williams,* 21 O. S., 82; *Goldsmith* v. *State,* 30 O. S., 208; *Schultz* v. *State,* 32 O. S., 276.

A deposition on file, but not attached to the bill of exceptions, is not a part of the record. *Hicks* v. *Person,* 19 Ohio, 426.

An agreed statement of facts must be made a part of the record by bill of exceptions. *Bank of Virginia* v. *Bank,* 16 Ohio, 170; *Clark* v. *Lane Seminary,* 8 Am. L. Rec., 488.

*Per Curiam.*

The document which purports to contain and to be an agreed statement of facts in this case, does not become part of the record by being filed in the trial court. The reference to it in the bill of exceptions, as having been offered in evidence and declaring that it is a part of the record, and that it bears the file-marks of the common pleas court with the date of the filing, without further identification and without being physically attached to the bill of exceptions, does not make it a part of the bill, or a part of the record. The bill of exceptions showing that such an agreed statement of facts was received in evidence, but the same not being a part of the record, and not being made a part of the bill of exceptions, it conclusively appears that the bill of exceptions does not contain all the evidence, and this court is precluded from reviewing the case upon the weight of the evidence.

The assignments of error in the petition in error are all dependent upon the facts as found from consideration of the evidence. This being the situation, this court is without power to review, and so must of necessity affirm the judgment.

The judgment is affirmed at the cost of plaintiff in error without penalty. Judgment for costs, execution awarded, and case remanded for execution.